IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02009-MSK-KLM

HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

DISH NETWORK L.L.C., d/b/a DISH NETWORK,

Defendant.

**OPINION AND ORDER DENYING MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(#16)**, to which Plaintiff responded **(#23)**, and Defendant replied **(#24)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

## I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1345.

## II.  Issue Presented

Plaintiff asserts claims for injunctive relief against Defendant DISH Network L.L.C., d/b/a DISH Network ("DISH Network") for alleged violations of the Fair Labor Standards Act of 1938, as amended, ("FLSA"). Specifically, Plaintiff alleges that DISH Network has failed to pay certain employees overtime compensation as required by the FLSA.

## III.  Material Facts

At issue is the sufficiency of the allegations contained in Plaintiff's Amended Complaint (**#15**). Plaintiff alleges that DISH Network has violated the FLSA by requiring certain

employees, identified by name in an attachment to the Amended Complaint, to work longer than 40 hours per week without compensating these employees at overtime rates. Specifically, Plaintiff alleges that DISH Network "permitted employees to work 'off-the-clock' by not compensating them for work time spent, on a routine, daily basis, logging on to computers, opening programs, etc., prior to activating the time-keeping system." Amended Complaint, ¶ V. Plaintiff further alleges that this violation was wilful because Plaintiff had previously investigated DISH Network for this practice and DISH Network had assured Plaintiff that such "off-the-clock" work would be eradicated. *Id.* Plaintiff alleges additional derivative violations of the FLSA, including failure to maintain adequate records showing the "off-the-clock" work. Finally, Plaintiff alleges the specific amount of overtime due each employee, as shown in the attachment to the Amended Complaint.

### IV.   Analysis

DISH Network moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In

reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

DISH Network argues that the Amended Complaint contains no more than conclusory allegations and that there are no specific facts pled from which this Court could reasonably find that DISH Network violated the FLSA. DISH Network's argument is unavailing. Under Rule 8, a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The general purpose of Rule 8 pleading requirements "is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). Here, Plaintiff has identified exactly the manner in which she alleges that the FLSA has been violated, *i.e.*, by Defendant's failure to compensate employees for off-the-clock preparatory work such as logging on to computers and opening computer programs. Although minimal in description, this goes beyond mere legal conclusion and provides adequate notice to DISH Network of the conduct allegedly giving rise to liability. Moreover, if true, these facts would plausibly give rise to a violation under FLSA. *Salazar v. Butterball, LLC*, 644 F.3d 1130 (10th Cir. 2011) (the FLSA generally requires employees be paid at overtime rates for hours worked in excess of forty in a workweek; workweek may include activities performed prior to a regular shift if they are an integral and indispensable part of the employees' principal activities). Plaintiff also refers to a previous investigation of such activities, which is presumably within the knowledge of DISH Network and provides further notice of the factual basis of the complaint. Significantly, Plaintiff provides the names of the specific employees who were allegedly injured

by this practice and the amount allegedly owed to each. DISH Network has fair notice of the claims against it and of the factual basis of those claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(#16)** is **DENIED**.

Dated this 10th day of August, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge